Cratsley, J.
The defendant, Mona Smith (“Smith”), filed a Motion for Summary Judgment in the above action claiming that the plaintiffs cannot succeed as a matter of law on their claim for specific performance of an Offer to Purchase property that was executed between the parties on January 3, 2002. In response, the plaintiffs, Brian Mulkerrin and Kevin Mulkerrin (“Mulkerrins”), filed a Cross Motion for Summary Judgment. For the reasons discussed below, the defendant’s Motion for Summary Judgment is ALLOWED. The plaintiffs Cross Motion for Summary Judgment is DENIED.
FACTS
The undisputed facts, as indicated by the summary judgment record, are as follows.
On or about July 11, 2001, Smith was appointed executor of the Estate of Peter R. McKinnon in Norfolk Superior Court. The will executed by the deceased bestowed upon Smith the power to mortgage or sell real property in this Estate. This included the property in question located at 101 Beach Street, Quincy, Massachusetts.
On January 3, 2002, Smith, as the “Administratix Estate of Peter McKinnon,” signed an Offer to Purchase Real Estate (“OTP”) initiated by the Mulkerrins who offered a purchase price of $280,000.00. The parties used the Great Boston Real Estate Board’s standard OTP form. The agreement contained information concerning the location of the property; provisions regarding any fixtures or appliances; the total purchase price, including the amounts due as a deposit to bind the offer and the amount due upon execution of the purchase and sale agreement; the closing date; and additional terms relative to inspection, pest and mortgage contingencies. The closing language indicated that the offer would remain open until 6:00 PM on January 15, 2002. Smith’s attorney included language in this final clause requiring that the parties “execute a mutually-acceptable Form Purchase and Sale agreement” by the closing date.
On January 10, 2002, counsel for Smith forwarded to the Mulkerrins’ attorney an amended purchase and sale agreement. The amended agreement put the Mulkerrins on notice that Smith had received a higher offer to purchase the property ($305,000.00). It also set forth in paragraph 30 (“Additional Provisions”) a reference to “Addendum A,” which contained the following conditions:
“32.” Subject to Seller obtaining license to sell from Court;
“33.” Buyer agrees that since Seller is under a fiduciary obligation to realize the best price obtainable for premises, Seller shall not be obligated to consummate the sale to buyer, if, at any time prior to the closing, Seller receives a bona fide written offer to purchase the premises for a price greater than the agreed purchase price herein, provided that Seller shall give Buyer the opportunity to exceed any such offer by executing an amendment to this agreement within five (5) business days of the day Buyer receives from Seller a copy of such bona fide written offer.
The Mulkerrins’ counsel returned a signed purchase and sale agreement on January 14, 2002, but paragraph 30, which referenced Addendum A, had been scratched out. Additionally, the addendum containing the two additional provisions had been detached. The Mulkerrins included a check in the amount of $13,500.00 to cover the deposit stipulated by the OTP.
Smith’s counsel responded in writing on January 15, 2002, indicating that since the defendant’s changes to the proposed agreement were eliminated, the “mutually acceptable” purchase and sale agreement stipulated in the OTP was not forthcoming. Consequently, since the defendant had signed the OTP with the understanding that an attorney-drafted purchase and sale agreement would follow, the transaction was rendered null and void in the defendant’s mind. The plaintiffs filed a Motion for Temporary Injunction to prohibit the defendant from selling the property at 101 Beach Street, Quincy, MA to any other prospective buyer. The Motion was denied on January 22, 2002.[1]
The legal issue in dispute is whether the OTP is binding on the defendant. The defendant has filed for Summary Judgment, arguing that the plaintiffs can *410 not succeed on the merits of their case as a matter of law. The defendant contends that since a “mutually acceptable” purchase and sale agreement was not executed per the OTP, the transaction was terminated. The plaintiffs, in their opposition to the defendant’s motion and in their cross motion for summary judgment, argue that the OTP contained all of the material elements pertaining to the transaction, including the cost, the description of the properly, and the time frame for execution of the agreement. Additionally, the document contained the notice that, ‘This is a legal document that creates binding obligations. If not understood, consult an attorney.” The plaintiffs contend that consideration of these elements in the OTP reveals the parties’ intent that the preliminary agreement be a binding contract. Therefore, they assert that the execution of a purchase and sale agreement was merely to address nonessential terms of the transaction. The plaintiffs feel they are entitled to specific performance of the OTP, in addition to $10,000.00 for their damages. In the alternative, the plaintiffs have requested a judgment in the amount of $290,000.00, which constitutes the amount of their offer for the property at 101 Beach Street, in addition to $10,000.00 in costs and interest.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710 (1991).
Both parties have cited McCarthy as a leading case for determining whether the terms contained in the amended purchase and sale agreement constituted additional material elements, thereby suggesting that the OTP was not intended as a final agreement, or, alternatively, were matters that were “ministerial and nonessential terms of the bargain.” McCarthy, 429 Mass. at 87, quoting Goren, 25 Mass.App. at 139. The defendant uses McCarthy in support of her contention that the addendum contained in the proffered agreement, which set forth conditions concerning the defendant’s procurement of a license and the preservation of her right to obtain a higher bid, constituted significant material terms. Therefore, she argues that the OTP was suggestive of her intent to execute a “mutually-acceptable” purchase and sale agreement. In essence, she asserts that on the available record, it would not be proper to infer that she intended to be bound by the OTP.
Not surprisingly, the plaintiff also likens this case to the facts in McCarthy. In that case, the Supreme Judicial Court held that the terms contained in the disputed OTP constituted material terms suggesting the parties’ intent to be bound. These material provisions included (1) a description of the properly, (2) price, (3) deposit amount, (4) limited title requirements, and (5) a time and location for closing. McCarthy, 429 Mass. at 85. The changes proposed in the purchase and sale agreement, which the court determined to be “ministerial and nonessential terms of the bargain,” pertained to (1) the risk of casualty to the premises before the sale, (2) indemnification regarding title insurance, mechanics liens, and hazardous materials, and (3) acknowledgment that the systems on the property were operational. Id. at 86. The plaintiffs therefore contend that the OTP at issue constitutes a binding contract since it addressed (1) the amount to be paid, (2) a description of the property, (3) time schedule for the execution of the purchase and sale agreement, and (4) specifics concerning how long the offer would be open.[2]
A determination of whether the addendum contained material versus ministerial elements necessitates a review of other ways in which the Massachusetts courts have determined what constitutes “ministerial and nonessential” terms and the intent of the parties. Our Appeals Court decided two cases on the same day that indicate the way in which a trial or appellate court could return different holdings based on different circumstances. In Goren v. Royal Investments, 25 Mass.App. 137, 139 (1987), the appellate court affirmed a trial judge’s decision that since the signed OTP in dispute was the fifth draft, this reflected that it was product of active negotiations. Therefore, even though the OTP called for “A mutually acceptable purchase and sale agreement,” the final agreement was a mere formality to tie up ministerial matters. Id. at 138. Additionally, the Appeals Court found that all of the economic issues were resolved and the additional matters addressed in the purchase and sale agreement only pertained to nonessential matters. Even though these issues could be the subject of bargaining, they were not in dispute at the time of the preliminary agreement. Id. at 141.
In another case, the Appeals Court held that even though the basic matters of place, price and dates were addressed in the OTP, the agreement was rendered null and void because the addition of previously unaddressed terms, such as the restrictions on delivery and the warranties requested of the seller, suggested “imperfect negotiations.” Blomendale v. Imbrescia, 25 *411 Mass.App. 144, 147 (1987). See also Rosenfield v. U.S. Trust Co., 290 Mass. 210, 217 (1935) (even where the parties have agreed on the material terms, the fact that the parties could not agree on the matter of the new store front and its cost suggested negotiations were still in dispute).
The case law thus suggests that even when many of the material terms are addressed in the OTP, a court may still find as a matter of law that the seller did not intend to be bound. In this case, the OTP appeared to address several of the material terms of the transaction. However, the defendant does cite Onanian v. Leggat, 2 Mass.App. 623 (1974), for the proposition that an addendum pertaining to securing a license is also a material term. The Onanian court held that an executrix cannot be excused from performance of an agreement even when that person’s fiduciary duty is to obtain the highest amount possible for the property in question. Id. at 625. In Onanian, the defendant had executed a purchase and sale agreement for the property with the plaintiff that was “subject to and contingent upon the issuance of a license to sell from the Probate Court.” Id. at 624. As the appellate court indicated, “an agreement which is conditional upon the procurement of a license will not be enforced unless and until the license has been obtained irrespective of the executor’s powers under the will.” Id. at 628. However, the court held that since the defendant had already accepted the offer from the plaintiff and had received his license based on his presentation that he was selling the property to the plaintiff for a set amount, he was not entitled to accept a higher offer that he received after the fact. Id.
The pertinent language in Onanian indicates that where the procurement of a license is an element of an agreement, that requirement needs to be met before the contract can be enforced. Here, the defendant signed the OTP conditioned upon a “mutually-acceptáble” purchase and sale agreement. Therefore, it was not until the draft purchase and sale agreement that' the defendant inserted language that conditioned the enforcement of the purchase and sale agreement upon receipt of a license. As Onanian held, such an agreement should not be enforced before the license has been obtained. The appellate court held for the buyer in that instance because the defendant attempted to rescind his acceptance of the buyer’s offer after receiving the license. However, in this case, the defendant received the higher offer prior to applying to the court for her license to sell.
It appears that although the terms contained in the OTP covered most of the material elements of the sale, the fact that the defendant did not add the language pertaining to the license until the drafting of the purchase and sale agreement indicates as a matter of law that she did not intend for the OTP to contain the final terms of the transaction. Although the license is not required by law when an executrix is granted such power to sell under a will, it is common for fiduciaries in this position to obtain such a license. Id. at 628.
The second provision of the addendum, which preserves the seller’s rights for when she receives a higher offer, also indicates that the defendant did not intend for the OTP to constitute the final agreement. The defendant waited until the draft of the agreement to include this terminology, which is outlined as a standard clause to be included in a purchase and sale agreement to address the problem of an executrix being bound by a lower offer. Eno and Hovey, Real Estate Law, 28A Mass. Practice Series, §777. This is iypically added to purchase and sale agreements to protect fiduciaries. Eno and Hovey, Real Estate Law, 28 Mass. Practice Series, §16.21 n.3. Similarly, the fact that this recommended language was not included until the draft of the purchase and sale agreement again indicates that the defendant did not intend for the OTP to constitute the final terms of their agreement.
Traditionally, the controlling factor in determining whether or not an OTP should constitute a binding contract is the intent of the parties. McCarthy v. Tobin, 429 Mass. 84, 87 (1999). On the other hand, our appellate courts have found an agreement that contemplates the completion of a purchase and sale agreement in the future to be determinative of the parties’ intent not to be bound until such an agreement was executed. Levenson v. L.M.I. Realty Corp., 31 Mass. App. 127, 130 (1991). However, if the parties appear to have agreed on all material terms of the contract in the OTP, it could be inferred that the parties did intend to be bound by the OTP. Goren v. Royal Invs., Inc., 25 Mass.App. 137, 140 (1987) (“If... the parties have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agree to execute is to serve as a polished memorandum of an already binding contract”). The determination of intent can be a question of fact which may be determined by the presiding justice. Levenson, 31 Mass.App. at 130. On the other hand, trial judges have made legal determinations concerning intent in several cases and granted summaiy judgment.[3]
This Court recognizes that where questions of intent arise, summaiy judgment may not be an appropriate disposition if the facts do not clearly support a finding for one side or the other. The undisputed facts on this summaiy judgment record, however, confirm to this Court that the defendant did not intend for the OTP to be a final, binding agreement. Furthermore, the stipulation in Addendum A pertaining to the procurement of a license renders the agreement legally invalid until that condition is met. Therefore, this Court finds there are sufficient undisputed facts to grant summaiy judgment to the defendant.
CONCLUSION
Based on the foregoing legal conclusions, the Defendant’s Motion for Summary Judgment is AL *412 LOWED and the Plaintiffs Cross Motion for Summary Judgment is DENIED.

Citing McCarthy v. Tobin in her findings, Justice Elizabeth Butler found that the condition in the OTP requiring the execution of a purchase and sale agreement needed to be enforced and, since it had not, the plaintiffs were not entitled to injunctive relief. McCarthy v. Tobin, 429 Mass. 84, 88 (1999) (“Even though the purchase and sale agreement was not necessary to bind the parties, its execution was required by the Offer to Purchase").

The plaintiffs also cite McCarthy for the proposition that the notice printed on the form stating that the OTP “created binding obligations” is suggestive of the parties’ intent to be bound. Although the court found this to strengthen the inference that the parties intended to be bound by the OTP, the primary basis for the court’s conclusion was the intent of the parties. McCarthy v. Tobin, 429 Mass. 84, 87-88 (1999).

Although in some instances, trial judges have found summary judgment inappropriate because there is a material dispute of fact concerning the parties’ intent, several justices have allowed motions for summary judgment where the inclusion of material elements in the OTP suggests a party’s intent to be bound. See Goren v. Royal Investments, Inc., 25 Mass.App. 137, 129 (1987) (affirming the trial judge’s finding that where the parties had agreed on all significant points, the preliminary agreement was binding); McCarthy v. Tobin, 429 Mass. 84, 85 (1999) (the inclusion of material items such as price, location, and the time and place for closing were sufficient to find that the defendant intended the OTP to be binding and summary judgment was entered for the plaintiff).